MATTER OF IMONDI AND COSTANTINI

In Visa Petition Proceedings

A-17454724
A-17454766

*Decided by Regional Commissioner June 13, 1967*

Petitions to accord beneficiaries preference classification under section 203 (a)(6) of the Immigration and Nationality Act, as amended, as sample stitchers, are denied, since the evidence does not establish that beneficiaries, although experienced in tailoring work, possess the requisite 5 years' experience in the performance of the particular duties of a sample stitcher described in the job offers and Labor certifications, namely, sewing sample garments together following sketches and patterns, including working from model forms, examining fit and making alterations.

These petitions are before the Regional Commissioner on appeal from the decisions of the District Director denying the petitions to accord the beneficiaries preference immigrant classification under section 203(a)(6) of the Immigration and Nationality Act, as amended.

The petitioner is engaged in the production of women's dresses. It seeks the services of the beneficiaries, natives and citizens of Italy, ages 36 and 23, respectively, for employment as sample stitchers. Forms ES-578B, "Job Offer for Alien Employment," which have been submitted in these cases contain the required certifications of the Department of Labor as to the unavailability of workers in the United States to perform such labor. It is further reflected that the positions do not require any formal education but do require a minimum of five years experience in the job, the performance of which is described as sewing sample garments together following sketches and patterns including working from model forms, examining fit, and making alterations. Salaries for the positions are listed at $2.50 an hour for a 35-hour week.

The petitioner, Mrs. Helen Gasperini, Plant Manager for Needlecraft Dress Manufacturing Corporation, contacted the Boston District Office on two occasions to cancel scheduled interviews relating

261

to the qualifications of the beneficiaries and, on one occasion, stated that the salaries for the positions would be $2.00 per hour rather than $2.50 as stated on the Department of Labor clearance. She also stated that she would be unable to appear for interview, in the future, because of business obligations at her place of employment.

Documents submitted in behalf of Liberina Imondi to show qualifying experience were:

(1) A diploma from an authorized professional School of Sewing and Tailoring showing that she attended a course in Professional Tailoring for women with favorable results, having points 30 per 30. The diploma was granted on May 10, 1950 in Naples, Italy.

(2) A certificate from Artemisia Lauro Dressmaking, Teano (Caserta) 20 Ammunsiata Street, Italy stating:

"I undersigned La Cioppa Artemisia Widow Lauro-Talloress in Teano (Caserta) Italy is to certify that the Miss Liberina Imondi of Teano (Caserta) has been in my service for seven year to apprentice. She proved to be abil and skifuln so to one can do such a job one self, providing education and onesty and cleverness. (sic)

Upon My honour

Teano (Caserta) 25 settember 1966
La Cioppa Artemisia"

The only document submitted in behalf of Giovanna Costantini to show qualifying experience was from Ditta Carmela Carpinelli, Sartoria da Donna (Benevento) S. Marco dei Cavoti, Via Crocella, 69 dated October 29, 1966 and reading as follows:

"The undersigned Carmela CARPINELLI, born at S. Marco dei Cavoti on October 30, 1930, residing, owner of the said company above.

*Declares*

Of having Miss Giovanna Costantini born August 31, 1943; from the year 1956, a duration of ten years, of which two years of instruction and school, and eight years of specialized handsewr on all women clothes. (sic)

The Title Company
(Carmela Carpinelli)"

The District Director denied the petitions on the basis that the petitioner has failed to establish that the beneficiaries qualify for the positions specified in the Department of Labor clearances and that the petitioner did not intend to pay the salaries of $2.50 an hour as specified in the labor clearance.

On appeal, and in oral argument in connection therewith, Mr. Richard A. Shuman, Vice President for the petitioning corporation, appeared and stated that Mrs. Helen Gasperini, their Plant Manager, was unable to appear because of business commitments; that the salaries for the beneficiaries definitely would be $2.50 per hour as specified in the Department of Labor clearances; that they were un-

able to obtain additional experience documentation in behalf of Giovanna Costantini but presented two additional documents relating to Liberina Imondi. These documents were:

(1) A letter from Artemisia La Cioppa reading:

"The undersigned, Artemisia LA CIOPPA, a dressmaker, hereby states that has had in her employ Miss Liberina IMONDI from 1944 through 1950.

The undersigned also states that Miss Imondi knows how to sew by machine, to bast, iron and so forth. (sic)

(signed) Artemisia La Cioppa
Proprietor (Owner)"

(2) A statement from the Dressmaking Shop of Enza Corrado, Via Porta Roma, Teano, reading as follows:

"It is attested that Miss Liberina IMONDI, after frequenting the courses in cutting and sewing of this tailor's shop, offered us, as our employee, her professional work, distinguishing herself for seriousness, productivity and capability during the whole period of collaboration.

Miss Liberina IMONDI has offered her professional work since the time she obtained her Diploma (that is from March 1962 until January 1967).

Teano, April 3, 1967.

In Faith
(signed) Enza Corrado
Dressmaking Teacher"

The Dictionary of Occupational Titles, Department of Labor, 1965 edition, relating to sample stitchers, occupational code 785.381 outlines the duties, in pertinent part, as follows:

Sews parts of new style garments, following patterns, *sketches, and designs specifications, to prepare sample garments* . . . (Emphasis supplied.)

The nomenclature used by the petitioner to describe the duties of the job to be performed by the beneficiaries is in essential conformity with this definition. The petitioner has stated that the minimum experience requirement for the positions is five years.

8 CFR 204.2(g) provides, in part, that:

If the alien's eligibility is based on training or experience, documentary evidence thereof, such as affidavits, must be submitted by the petitioner . . . Each such affidavit must set forth the name and address of the affiant and state how he acquired his knowledge of the alien's qualifications, state the place where and the dates during which the alien gained his training or experience and must describe in detail the duties performed by the alien.

The documents supplied by the petitioner in behalf of Liberina Imondi show that she has attended a course of professional Tailoring for women and served a seven-year apprenticeship in dressmaking; also, that she has worked for six years in a dressmaking shop and that she knows how to sew by machine, to baste and iron and that she has had a course of cutting and sewing in a tailor shop and thereafter worked in that shop from 1962 to 1967.

Dressmaker as defined by the Department of Labor, Dictionary of Occupational Titles, 1965 edition, occupational code 735.361, indicates that it is one who makes women's garments such as dresses, coats, and suits according to customer specifications and measurements . . . A tailor, shop tailor, occupational code 785.381, is defined, in part, as one who performs specialized hand and machine sewing operations in the manufacture of made-to-measure or ready-to-wear clothing, applying knowledge of garment construction and fabrics . . .

It should be noted that experience as a sample stitcher, following patterns and sketches to prepare sample garments, is not mentioned either in the description of Miss Imondi's prior duties or contained in the definition of the titles under which she was previously employed.

In the case of the other beneficiary, Giovanna Costantini, the only documentation presented by the petitioner in her behalf was a certificate from Sartoria da Donna indicating that she has had two years of instruction and schooling and eight years of specialized experience in hand sewing on women's clothing.

The Dictionary of Occupational Titles, cited above, defines a hand-sewer, occupational code 782.884, as one who joins and reinforces parts of articles, such as garments . . . or sews buttonholes and attaches fasteners, such as buttons, snaps, and hooks to articles, or sews decorative trimmings to articles, using needle and thread . . .

It is also noted in the case of this beneficiary that experience as a sample stitcher, following patterns and sketches to prepare sample garments, is not mentioned either in the description of Miss Costantini's prior duties or contained in the definition of the title under which she was previously employed.

The entire record has been carefully considered including representations made on appeal and the additional documentary evidence presented in connection therewith. It is found that the petitioner has failed to establish that the beneficiaries possess the five years specific experience required for the performance of the duties of sample stitchers as described in the job offers and labor certifications. Therefore, the appeals will be dismissed.

*It is ordered* that the appeals be and the same are hereby dismissed.